**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAMIAN BUNCE,<br><br>               Plaintiff,<br><br>    v.<br><br>VICTORIA KUHN,<br><br>               Defendant. | Civil Action No. 23-535 (KMW) (EAP)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis*. (ECF No. 3.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice.

**I.  BACKGROUND**

In his complaint, Plaintiff alleges that he broke his arm during a fight with another inmate on January 1, 2021. (ECF No. 1 at 3.) Following the altercation, Plaintiff was handcuffed, and asked for medical care. (*Id.*) When a nurse came to see Plaintiff, she took pictures of his injuries,

and brought him to speak with a physician through video conferencing. (*Id.*) Petitioner was transferred to South Woods State Prison, where he again asked for treatment, and was told that he would receive an X-ray, but was transferred to Northern State Prison before one could be provided. (*Id.*) Plaintiff put in several medical complaints, and a few weeks later saw a doctor, who told him he believed that there was "nothing wrong" with the arm, and that the swelling was a normal result of Plaintiff's injury during the fight. (*Id.*) On May 20, 2021, Plaintiff was released[1] and went to a hospital, where he was told that his arm had been broken, but had healed improperly, requiring surgery to fix. (*Id.*) Based on these allegations, Plaintiff seeks to raise a claim of deliberate indifference to medical needs against Defendant Victoria Kuhn, the Acting Commissioner of the New Jersey Department of Corrections.

## II.   **LEGAL STANDARD**

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences

---

[1] Although Plaintiff was apparently released in May 2021, he has since been returned to state prison and is currently incarcerated at South Woods State Prison.

2

from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.   **DISCUSSION**

In his complaint, Plaintiff seeks to bring a civil rights claim against Defendant Kuhn, the Acting Commissioner of the New Jersey Department of Corrections, for deliberate indifference to his medical needs, presumably named as she is the highest-level supervisor of all of the individual prison staff involved in his injury being misdiagnosed and improperly treated. A defendant in a

3

civil rights action such as this, however, may not be held liable based solely on a *respondeat superior* theory of liability and may instead be held liable only where they are personally involved in the alleged harm. *See, e.g., Iqbal*, 556 U.S. at 676; *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). A supervisor may therefore only be held liable where she either created a policy which caused the alleged wrong, participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinate's violations." *Murphy v. Middlesex County*, 361 F. Supp. 3d 376, 387 (D.N.J. 2019) (citing *Baker v. Monroe Township*, 50 F.3d 1186, 1190–91 (3d Cir. 1995)).

To successfully plead a claim for deliberate indifference to medical needs, a plaintiff must in turn plead facts showing that the named defendants were aware of a sufficiently serious medical need on the plaintiff's part, and committed actions or omissions which indicated that they knew of and disregarded that need, which posed an excessive risk to the inmate's health or safety. *See Natale v. Camden County Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003). Deliberate indifference therefore "requires more than inadequate medical attention or incomplete medical treatment," *see King v. Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008), and a plaintiff who demonstrates conduct amounting to only negligence or medical malpractice will fail to make out a claim for relief under § 1983. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

In his complaint, Plaintiff pleads no facts indicating that Defendant Kuhn was aware of or in any way deliberately involved in the alleged wrongs. Indeed, he makes no efforts to connect her to his claims or show personal involvement, and instead merely names her as a high level supervisor, presumably through an improper *respondeat superior* theory of vicarious liability. As Plaintiff has not pled facts indicating that the sole named Defendant was any way involved in the alleged constitutional violations, nor that her policies caused the alleged harm, Plaintiff has failed

to plead a plausible claim for relief against her, and his complaint must be dismissed without prejudice at this time.

Although this alone is sufficient to warrant the dismissal of the complaint at this time, the Court notes two other potential issues with Plaintiff's claims. First, Plaintiff's complaint in its current state appears to largely plead a series of mistakes in medical treatment – misdiagnoses, delaying treatment until after a treatment, etc. – most of which individually would appear to amount to medical negligence, which is insufficient to state a claim for relief for deliberate indifference. Indeed, throughout his complaint, Plaintiff notes that he was seen by multiple medical professionals during and after each transfer. To the extent Plaintiff chooses to file an amended complaint, he should identify the specific defendants he believes were deliberately indifferent to his needs, and outline the facts which he believes would show that indifference if proven. Finally, the Court notes that Petitioner's injury arose in a fight in January 2021, and much of the alleged harm appears to have occurred during the series of transfers that followed the injuries in early 2021. Plaintiff did not file his complaint in this matter until late January 2023,[2] two years later. As federal civil rights claims are subject to a two-year statute of limitations in this district, *see Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013), it is entirely possible that at least some of Plaintiff's claims may well be time barred. It may therefore behoove Plaintiff to clarify the timing of events – when he was seen, when he was transferred, etc. – to the extent he chooses to file an amended complaint in this matter.

---

[2] Plaintiff's complaint was postmarked January 26, 2023, which this Court presumes was the date on which the complaint was handed over to be mailed.

5

## IV.     CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 3) shall be **GRANTED**, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge